**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**MICHAEL MAZZARA,**

                Petitioner,

**v.**                                **Civil No.: 5:18CV117**
                                **(JUDGE STAMP)**

**FREDERICK ENTZEL, Warden**

                Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On July 16, 2018, Petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  ECF No. 1. On July 16, 2018, Petitioner paid the $5 filing fee. ECF No. 4. On October 13, 2018, an order was entered directing Respondent to show cause why the writ should not be granted. ECF No. 10.

On November 20, 2018, Respondent answered with a Motion to Dismiss or, in the alternative, Motion for Summary Judgment with a Memorandum in Support and exhibits. ECF Nos. 16, 17. A Roseboro Notice was issued to Petitioner on November 26, 2018, pursuant to Roseboro v. Garrison, 528 F. 2d 309, 310 (4th Cir. 1975), instructing Petitioner of his right to file a response to Respondent's Motion and Memorandum. ECF No. 18. Petitioner filed a Reply on January 4, 2019. ECF No. 20. On March 8, 2019, Petitioner filed a Motion for Leave to Supplement [ECF No 21], and

1

on March 22, 2019, Respondent filed a Response. ECF No. 22. The Motion to

Supplement has been granted.

The matter is now before the undersigned United States Magistrate Judge for a

Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

and LR PL P 2. For the reasons set forth below, the undersigned recommends that the

Petition be denied.

## II.    Background[1]

Petitioner and two other individuals were named in a five-count indictment on

August 25, 2016, in the United States District Court for the Southern District of New

York. ECF No. 22. A superseding indictment was returned on October 31, 2016. ECF

No. 42. A second superseding indictment was returned on January 26, 2017 which

charged conspiracy to commit bank burglary and bank theft in violation of Title 18,

United States Code, Section 371 (Count One); with bank burglary, in violation of Title

18, United States Code, Section 2113(a) (Counts Two and Four); and with bank  theft,

in violation of Title 18 United States Code, Section 2113(b) (Counts Three and Five).

ECF No. 65. On December 13, 2017, Petitioner pleaded guilty to Counts Three and Five

of the second superseding indictment. Count Three (Bank Theft) charged that Petitioner

and his co-defendants "did take and carry away, and attempt to take and carry away,

with intent to steal and purloin, property and money and things of value exceeding

---

[1] The parties provided limited information regarding Petitioner's criminal conviction. The
information contained in this section is taken from Petitioner's criminal Docket in Case No. 1:16-
cr-00576-JFK-1 from the Southern District of New York available on PACER. Except for the final
paragraph, the ECF entries in this section refer to that criminal docket.

$1,000…in violation of 18 U.S.C. § 2113(b) and 2.[2]  Count Five (Bank Theft) charged

that Petitioner and his co-defendants did take and carry away, and attempt to carry

away, with intent to steal and purloin, property and money and things of value

exceeding $1000… in violation of Title 18 U.S.C. § 2113(b) and 2.[3]  The Indictment

included a forfeiture allegation as to Counts One through Five seeking forfeiture

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United

States Code, Section 2461, all property, real and personal, that constituted or was

traceable in proceeds to the commission of the alleged crimes. On December 18, 2017,

a Consent Preliminary Order of Forfeiture was entered by which Petitioner consented to

the entry of a money judgment in the amount of $5,070,362.38 in United States

currency, representing the amount of proceeds traceable to the commission of the

offenses alleged  in Counts Three and Five of the Indictment that Petitioner personally

obtained. ECF No. 181. On April 16, 2017, an Amended Consent Preliminary Order of

Forfeiture was entered by which Petitioner consented to the entry of a money judgment

in the amount of $20,887,360.38 in United States currency, representing the amount of

proceeds traceable to the commission  of the offenses alleged in Count Three and Five

of the Indictment that Petitioner personally obtained. ECF No. 237. Judgment in a

Criminal Case was entered on April 17, 2018, under which Petitioner was sentenced to

a 55 month sentence on Count Three and an 80 month sentence on Count Five, for a

total term of imprisonment of 135 months with three years supervised release on each

---

[2] More specifically, this Count charged that Petitioner and his codefendants stole money and
other valuables stored in the vault of an HSBC Bank branch building located in Brooklyn, New
York.

[3] More specifically, this Count charged that Petitioner and his codefendants stole money and
other valuables stored in the vault of a Maspeth Federal Savings Bank branch building located
in Queens, New York.

count to run concurrently. In addition, forfeiture traceable to the offense, in the amount of $20,887,360.38 was ordered. ECF No. 238.

Petitioner was committed to the custody of the Bureau of Prisons ("BOP") on May 14, 2018. ECF No. 17-1 at p. 6. Petitioner is currently designated at FCI Hazelton. Petitioner's projected release date via good conduct time is August 3, 2027. Id. at p. 5.

## The Pleadings

### A. The Petition

Petitioner alleges that the BOP is violating the Accardi Doctrine by failing to follow its own policy set forth in Program Statement 5100.08[4]. More specifically, Petitioner alleges that staff has improperly calculated his custody classification level as 19, when in fact his actual score should be 9. He further alleges, that the BOP has refused to recalculate his points several times and refuses to hear his position as to why they are scoring him incorrectly.

In arguing that his custody classification has been scored incorrectly, Petitioner indicates that he has been scored for bank robbery, not bank theft/burglary. Petitioner maintains that a thorough review of his Presentence Report reveals that his most severe conduct was burglary and/or theft over $250,000. He argues that nothing in the Pre-sentence Report suggests anything close to robbery or any other conduct that

---

[4] Program Statement 5100,08 is available for viewing at bop.gov. The purpose of the program statement is to provide policy and procedures regarding the BOP's inmate classification system. According to the program statement, classification of inmates is necessary to place each inmate in the most appropriate security level institution that also meets programs needs and is consistent with the statutory authority contained in 18 U.S.C. § 3621(b). The classification process involves assigning an inmate a security point score which is calculated by considering several factors, including the inmate's commitment offense, criminal history, institutional adjustment and public safety. ECF No. 17-1 at 3.

would warrant a score of greater severity[5], and as such, the proper score is three points under Moderate. Petitioner further alleges that he has been assigned one point for a detainer. However, he maintains that he has no detainer or any other open matters that could possibly be construed as a detainer.

Accordingly, Petitioner maintains that although he is currently scored at a level 19 (Medium), his actual score should be 9 (Minimum, also known as Camp) which means he is two levels higher than his score. Moreover, Petitioner argues that even if he is not camp eligible based on Public Safety Factors, his appropriate designation is a Low Level facility. For relief, Petitioner is requesting that this court order the BOP to properly calculate his custody classification and transfer him to the appropriate level facility.

**B.  Respondent's Motion and Memorandum**

Respondent argues that Petitioner's claims are not properly raised in a habeas petition pursuant to 28 U.S.C. 2241 because he does not challenge the execution of his sentence. Furthermore, Respondent argues that Petitioner has failed to exhaust his administrative remedies prior to filing this petition. Finally, Respondent maintains that Petitioner's initial custody classification was scored correctly, and therefore the petition has no merit and should be dismissed.

**C.  Petitioner's Reply**

---

[5] The severity of the current offense is one of the factors used to calculate an inmate's security classification. With respect to Petitioner's supplement, the Amended Judgment establishes that he was adjudicated guilty of two counts of Bank Theft not Bank Robbery. However, it should be noted that Program Statement 5100.08, Chapter 4, p. 11, provides that under "severity of current offense, the numeric value assigned is be determined by the offense behavior regardless of the conviction/finding of guilt offense.

In his reply to the Respondent's alternative motions, Petitioner argues that he is raising a claim that BOP staff violated the Accardi Doctrine which is not properly raised under <u>Bivens</u>. Petitioner clarifies that his claim under Accardi specifically challenges that the BOP is failing to execute his sentence because it has failed to follow policy, and as such, the claim is proper under § 2241.

Petitioner further maintains that he submitted every level of administrative remedy and has resubmitted them numerous times. He alleges that it has been institutional level staff's failure to initially process his BP-8 and BP-9 that has prevented him from exhausting his administrative remedies. Accordingly, he maintains that he has in good faith filed his administrative remedies, and staff has acted to prevent review. Accordingly, he maintains that exhaustion should be excused.

Finally, Petitioner alleges that Respondent misses the mark by arguing that he was convicted of bank robbery. Petitioner maintains that he was convicted under 18 U.S.C. § 2113(b)(f). He argues that there are several crimes listed under § 2213, and he was not convicted of robbery, but rather of Bank Theft/Bank Larceny.

## D.  Petitioner's Supplement

On February 21, 2019, an Amended Judgment in a Criminal Case was entered whereby Petitioner was adjudicated guilty of two counts of 18:2113B.F (Bank Theft). Petitioner maintains that the change on the judgment reflects his argument that he was not convicted of bank robbery but was convicted of bank theft.  Accordingly, Petitioner again requests that this Court order the BOP to re-classify him in accordance with BOP policy.

## E.  Respondent's Reply

6

Respondent maintains that despite Petitioner's supplement to the record, his pending § 2241 petition should still be dismissed. Respondent again argues that Petitioner's claims are not properly raised in § 2241 petition. In addition, Respondent continues to argue that Petitioner has failed to exhaust his administrative remedies relating to the challenge of his custody classification. Furthermore, Respondent contends that Petitioner's initial classification remains scored correctly, and the change in the name of the offense to which Petitioner pleaded guilty does not establish that his custody classification was scored incorrectly.

### III.    Legal Standard

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id.  Therefore, for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d

407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## IV.   Analysis[6]

A §2241 petition is used to attack the way a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Therefore, to determine whether § 2241 is the appropriate remedy in this case, the Court must review

---

[6] Although it is questionable whether Petitioner was prevented from exhausting his administrative remedies, the undersigned has chosen not to address this issue because, as discussed in more detail in the body of the Report and Recommendation, it is his opinion that the issues raised by Petitioner and the relief requested is not properly addressed in a § 2241.

9

whether Petitioner challenges the fact or duration of his confinement, or the conditions of his confinement. See Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983).

Here, Petitioner does not attack the execution of his sentence. Instead, he alleges that the BOP is improperly or unfairly calculating his custody classification, which in turn, causes him to be housed in a higher security facility. His claims are not in any way related to the execution of a sentence but instead relate solely to the conditions of his confinement. In fact, were Petitioner to succeed on the merits of his claim, he would be, at best, entitled to a recalculation of his custody classification level. The fact or duration of his confinement, however, would remain the same. Therefore, Petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life); see also Wilkinson v. Dodson, 544 U.S. 74, 82 (2005) (remedy lies in a habeas corpus only if success necessarily demonstrates the invalidity of confinement or its duration).

Although Petitioner maintains that the BOP has violated the Accardi Doctrine, and therefore, he is entitled to proceed in a § 2241, his argument is misguided. The Accardi Doctrine provides that when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid. See United States ex rel. Accardi v Shaughnessy, 347 U.S. 260 (1954); also see Nader v. Blair, 549 F.3d 953, 962 (4th Cir. 2008). Consequently, were Petitioner's claims related to a nunc pro tunc designation, a disciplinary proceeding with loss of good conduct time, or admission to the Residential Drug Addiction Program, all of which would or could impact the length or duration of his confinement, his argument might have merit. However, even if the BOP

somehow violated the provisions of Program Statement 5100.08, and his classification should be something less than moderate, his term of confinement would remain the same.

Moreover, although an Amended Judgment has been  entered in his criminal case which specifies that the nature of his offense of conviction is Bank Theft, the fact remains that at its core, this petition is raising a condition of confinement allegation which is not properly brought in a § 2241 petition. Accordingly, Petitioner's supplement does not change the fact that his petition is due to be dismissed.

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or for Summary Judgment" **[ECF No. 16]** be **GRANTED**, and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to his right to file a <u>Bivens</u> action.

Within fourteen days after service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas</u>

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: June 26, 2019

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE